**197 Madison Holdings LLC v NYS Div. of Hous. & Community Renewal**

2024 NY Slip Op 30759(U)

March 11, 2024

Supreme Court, New York County

Docket Number: Index No. 151090/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. ARLENE P. BLUTH**                    PART                    14

*Justice*

-------------------------------------------------------------------------------X

197 MADISON HOLDINGS LLC

Petitioner,

- v -

NYS DIVISION OF HOUSING AND COMMUNITY
RENEWAL,

Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151090/2022 |
| **MOTION DATE** | 03/04/2024[1] |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34

were read on this motion to/for                    ARTICLE 78                    .

The petition to annul a determination by respondent in a rent overcharge dispute is

granted.

**Background**

This proceeding concerns a specific apartment in a building owned by petitioner in

Manhattan.  Respondent's Tenant Protection Unit ("TPU") commenced an audit of the building

and, specifically, of the Individual Apartment Improvement ("IAIs") claimed by petitioner. TPU

then filed an overcharge complaint based in part on a rent-freeze order for the building from

December 2000 (this order was not lifted until 2020 – two decades later).

Petitioner contends that it took ownership of the building pursuant to a deed dated August

3, 2017 and that the overcharge proceeding was pending when it took over the premises. It

---

[1] The Court observes that it appear thats this proceeding was scheduled for oral argument before a different judge on multiple occasions in 2022 but it is unclear whether that oral argument actually took place.  Although this proceeding was only assigned to the undersigned on March 4, 2024, the Court apologizes on behalf of the court system for the years-long delay in the resolution of this petition.

**151090/2022   197 MADISON HOLDINGS LLC vs. NYS DIVISION OF HOUSING AND COMMUNITY RENEWAL
Motion No.  001**

argues that it did not receive any rent ledgers or proof of payment concerning prior tenants from the prior owner and insists it would not expect to receive this information.

Petitioner complains that when respondent asked for a rent ledger for the period from August 28, 2014 through August 31, 2015, petitioner claimed it was not the owner of the building then and had no records from that time. Petitioner insists that the Rent Administrator ("RA") found that an overcharge occurred for the aforementioned period based solely on the terms of a vacancy lease and a rent reduction order. Petitioner challenged that finding and filed a Petition for Administrative Review ("PAR").

In the PAR, respondent noted that "On August 28, 2014, TPU filed a rent overcharge complaint with the Office of Rent Administration with respect to the subject apartment. The TPU complaint alleged amongst other things, that the rent of $2700.00 charged and collected by the owner on August 28, 2014 constitutes an overcharge" (NYSCEF Doc. No. 2 at 1). Respondent upheld the RA's determination that there was an overcharge. It observed that "the RA properly gave effect to the agency's rent reduction order under Docket Number OI430018B, which froze the rent at $126.45 per month. This rent reduction Order imposed a continuing obligation on the petitioner to restore the rent and, pursuant to Cintron remained part of the rental history considered in the overcharge proceeding" (*id*. at 5).

"Here, the agency initiated the complaint and tenant production of records of rent payments is not an issue. The evidentiary record demonstrates that the RA properly relied upon the lease of Zachary Jacinto, which commenced on August 28, 2014 and sets forth a monthly rent of $2700.00, as evidence of the rent paid for the overcharge period. It is further noted that on April 12, 2019 and again in the final notice of treble damages, this agency provided the petitioner with ample opportunity to produce evidence of the rent charged and collected. Given that the

**151090/2022   197 MADISON HOLDINGS LLC vs. NYS DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

**Page 2 of 7**

petitioner failed to produce any evidence that would indicate that the tenant did not pay the $2700.00 rent in the lease, it was reasonable for the RA to find that this rent was charged and paid" (*id*. at 6).

Petitioner argues that there is no evidence that the prior owner collected rent in the amount of $2,700. It claims that there is only a vacancy lease where rent was reserved in that amount but nothing on the record shows that the tenant actually paid that amount. Petitioner insists that respondent lacks substantial evidence to show that the overcharged rent was actually collected.

Respondent contends that much of petitioner's arguments focus on the substantial evidence standard, which is not applicable here as there was no need for a hearing. It observes that this complaint was opened by the TPU—an arm of respondent—and the correct standard here was whether respondent's PAR denial was rational.

Respondent contends that TPU conducted an audit for the subject apartment because there was a large increase in rent after a vacancy. It maintains that the previous owner pointed to IAIs as justification for the rental increase. However, respondent observes that there was an order freezing and reducing rents building wide as of December 8, 2000 based on a reduction in services. It emphasizes that at the time of the referral from TPU to respondent's Office of Rent Administration in 2017, the prior owner had not yet filed an application to show that the services had been restored.

This meant, in effect, that the rent for the applicable time period (August 28, 2014 through August 31, 2015) should have been frozen at the level in effect at the time the rent reduction order was issued back in 2000. Respondent observes that petitioner filed an application for a restoration order in 2020. It also stresses that the RA gave the owner the full amount of

**151090/2022   197 MADISON HOLDINGS LLC vs. NYS DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

**Page 3 of 7**

[* 3]

3 of 7

rental increases for the IAIs. Respondent maintains that petitioner is liable for the overcharges of the prior owner under the relevant Rent Stabilization Code section (Section 2526.1[f][2][i]).

In reply, petitioner emphasizes that respondent did not show any proof that the rent was paid by the tenant and that the burden of proof rests with the respondent.

**Discussion**

The primary issue in this proceeding concerns burdens. There is no dispute that the prior owner charged an amount it was not eligible to seek as there was a rent freeze order from 2000 that was still in effect during the subject time period (August 2014 to August 2015). The question, then, is whether there is a difference between simply charging an impermissible amount and collecting it.

The Rent Stabilization Code provides, in pertinent part, that "Any owner who is found by the DHCR, after a reasonable opportunity to be heard, to have *collected* any rent or other consideration in excess of the legal regulated rent shall be ordered to pay to the tenant a penalty equal to three times the amount of such excess, except as provided under subdivision (f) of this section" (9 NYCRR 2526.1 [emphasis added]).

The Rent Stabilization Law states, in part, that "Subject to the conditions and limitations of this subdivision, any owner of housing accommodations who, upon complaint of a tenant, or of the state division of housing and community renewal, is found by the state division of housing and community renewal, after a reasonable opportunity to be heard, *to have collected* an overcharge above the rent authorized for a housing accommodation subject to this chapter shall be liable to the tenant for a penalty equal to three times the amount of such overcharge" (Administrative Code of City of New York § 26-516[a] [emphasis added]).

**151090/2022   197 MADISON HOLDINGS LLC vs. NYS DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

**Page 4 of 7**

4 of 7

[* 4]

These two provisions suggest that the burden is on the moving party—here the respondent itself—to show that the owner *collected* rent in excess of the amount permissible. That compels the Court to grant the petition and annul respondent's determination. Respondent's assertion in the PAR that the Rent Stabilization Law section cited above "does not set forth a bright-line evidentiary requirement for DHCR to find that an overcharge was collected" (NYSCEF Doc. No. 2 at 6) is not supported with any citation, such as binding caselaw, that shows respondent need not show that the overcharged amount was actually collected. Moreover, this argument is contrary to a plain reading of the applicable statutory scheme which specifically cites the collection of rent.

The PAR determination acknowledges that collecting rent is an issue when tenants bring overcharge complaints (*id*.). Respondent claimed that "The cases cited by petitioner for the proposition that the agency and courts have previously found that the failure to provide proof of payment bars an overcharge are misplaced in that they are not agency initiated actions and involve the tenant's failure to produce evidence of rent payments" (*id*.). But respondent pointed to no justification for its assertion that agency-initiated overcharge complaints do not require the agency to show the rent that was collected. And the Rent Stabilization Law section cited above specifically mentions rent collected and includes a complaint filed by respondent (Administrative Code of City of New York § 26-516[a]). The Court sees no basis to create a distinction between a tenant-initiated complaint and one started by respondent.

Respondent instead attempts to blame petitioner for not getting rent ledgers from the prior owners. To be sure, the failure to get that information by petitioner is quite curious and risky. Had a tenant or respondent showed that the tenant paid the rent, petitioner's claim that it did not have the rent ledgers might complicate its ability to defend against such a complaint.

**151090/2022   197 MADISON HOLDINGS LLC vs. NYS DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

**Page 5 of 7**

5 of 7

But, in this Court's view, petitioner's lack of information is not a basis to find that respondent met its burden to show there was an overcharge.

## Summary

The central issue in this proceeding is what is required to show that an overcharge occurred. A plain reading of the applicable statutes as well as practical application of these types of disputes compels the conclusion that the complaining party must show that the too-high rent was actually paid. After all, the damages calculation begins by finding the difference between the rent paid and the rent that was permitted to be charged. It would make little sense to permit a party to recover for overcharge where no rent (or some lesser amount of rent) was paid—the purpose of an overcharge complaint is not to give a party a windfall.

And respondent did not point to any binding caselaw that in respondent/agency-initiated overcharge complaints, it merely has to show the amount that *could have been* collected instead of showing the amount that the tenant actually paid. That means the agency would be collecting money with absolutely no proof that the tenant actually overpaid. The fact is that there is no evidence that the (prior) landlord collected amounts to which it was not entitled. It makes no sense to allow a windfall to an agency based on this record.

Accordingly, it is hereby

**151090/2022   197 MADISON HOLDINGS LLC vs. NYS DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

**Page 6 of 7**

ADJUDGED that the petition is granted and the subject petition for administrative review is annulled and set aside, and petitioner is entitled to recover costs and disbursements upon presentation of a bill of costs to the County Clerk.

**3/11/2024**
**DATE**

**ARLENE P. BLUTH, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151090/2022   197 MADISON HOLDINGS LLC vs. NYS DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

Page 7 of 7

7 of 7